**CONTRA COSTA COUNTY ex rel. HENRISSA S. TUAZON,**
Respondent–Appellee, v. **POLICARPIO P. CARO, JR.,**
Petitioner–Appellant

NO. 13903

(URES NO. 88–0550)

DECEMBER 19, 1990

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY WAKATSUKI, J.

A complaint was brought against Policarpio P. Caro for child support arrearages. In entering judgment against Caro, the family court held that concealment of the children by the custodial parent did not relieve the noncustodial parent from the duty of paying child support and that the defenses of estoppel, waiver, and laches were not available.

The Intermediate Court of Appeals (ICA), pursuant to Hawaii Revised Statutes § 576–39.3, affirmed that concealment of the children, in itself, did not constitute a defense to nonpayment of child support. However, the ICA held that the defenses of estoppel, waiver, and laches were available, and, therefore, ordered a remand for trial on these issues.

We essentially concur with the opinion of the ICA, 8 Haw. App. 341, 802 P.2d 1212 (1990), but granted certiorari to clarify one aspect of the ICA's opinion.

The ICA stated:

Father contends that Conclusion of Law 6 [that the defenses of estoppel, waiver, and laches were not available] is wrong. We agree, ***but only to the extent that Father legitimately bases his defenses of waiver, estoppel, and laches on facts other than Mother's alleged concealment of the children.*** ... [ ¶ ] Father is entitled to an opportunity, on remand, to prove the essential elements of the relevant defenses available to him. [Emphasis added.]

This statement implies that evidence of the concealment cannot be used to establish waiver, estoppel, or laches. We disagree. In determining whether any of these defenses are applicable, a court looks to all the facts and circumstances of the particular case. *See Adair v. Hustace*, 64 Haw. 314, 640 P.2d 294 (1982); *Anderson v. Anderson*, 59 Haw. 575, 585 P.2d 938 (1978); *Cosmopolitan Fin. Corp. v. Runnels*, 2 Haw. App. 33, 625 P.2d 390 (1981).

Although concealment of the children, in and of itself, does not provide a defense to nonpayment of support, there is no reason why the fact of concealment cannot be considered in determining whether by waiver, estoppel, or laches, Caro is relieved of his duty to pay child support.

With this clarification, the opinion of the ICA is affirmed. This case is remanded to the family court for further proceedings.

*Donald S. Nishimura* on the writ and the brief for Petitioner–Appellant.

*John R. Gibbs* on the supplemental brief, and *Rosemary McShane* and *Naomi S. Campbell* on the answer for Respondent–Appellee.